IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| KINGSLEY ARIEGWE, | ) | Cause No. CV 11-43-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, Warden, | ) | |
| Montana State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On August 12, 2011, Petitioner Kingsley Ariegwe moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

Petitioner's motion to proceed in forma pauperis will be granted. Although he filed in the wrong Division, there is no need to delay resolution of this case by correcting that error.

On September 22, 2008, Petitioner filed a motion requesting an extension of time to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. He was advised that an extension could not be granted. The Court further noted:

> Ariegwe states that he has filed a state postconviction petition. See Mot. for Extension at 1. Because the Court cannot grant Ariegwe's motion to prospectively extend his time for filing a federal habeas petition, he must choose between filing his federal petition now or waiting to file his federal petition until his postconviction proceedings are concluded.

Order to Petitioner at 1, *Ariegwe v. Montana*, No. CV 08-79-GF-SEH-RKS (D. Mont. Sept. 30, 2008). The Order concluded by giving Petitioner a deadline for response and directed the Clerk of Court to include with Petitioner's service copy a blank form petition for Montana state prisoners' use.

In response to that Order, Petitioner completed and returned the Court's standard § 2254 form petition. Pet. (doc. 4), *Ariegwe*, No. CV 08-79-GF. The form advised him:

> The Court may determine your claims solely on the basis of what is in this petition. You must include in the petition all grounds for relief you want the Court to review and all facts supporting such grounds for relief. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. Additionally, you must ordinarily first exhaust (use up) your available state court remedies as to each ground on which you request action by the federal court. The one-year statute of limitations, *see* 28 U.S.C. § 2244(d), is tolled if you are challenging the judgment(s) underlying this petition in *state* court in compliance with state procedural law.

Pet. at 1-2, Instruction No. 6, *Ariegwe*, No. CV 08-79-GF (emphasis in original). Petitioner submitted the form with the next-to-last sentence underlined. *Id.*

Petitioner chose to proceed in federal court at that time. He alleged several

grounds for relief, but all challenged the Montana Supreme Court's decision that his right to a speedy trial was not violated. The petition was denied on the merits and a certificate of appealability was denied on April 21, 2009. Order (doc. 16). Petitioner did not appeal.

Petitioner now seeks to challenge the same conviction on speedy trial grounds. *See* Pet. at 4 ¶¶ 15A-B. This Court lacks jurisdiction to consider a second or successive challenge to a conviction. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). The petition should be dismissed for lack of jurisdiction.

As for a certificate of appealability, no reasonable jurist could find a basis for disagreement with dismissal. "District judges have no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Petitioner's first petition raised only exhausted claims that were properly before the Court. Further, the instant petition raises the same issues Petitioner litigated in his first federal petition. There are no newly exhausted claims, because his postconviction appeal is pending. Pet. at 5-6 ¶ 16. There is no way to construe the instant petition as anything other than a second challenge to Petitioner's conviction on the same grounds already litigated to conclusion on the merits. *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005). There is no basis for any action other than dismissal. A

certificate of appealability is not warranted.

For the same reasons, transfer of the petition to the Court of Appeals, which would have jurisdiction to consider an application for leave to file a second or successive petition, is not in the interests of justice. 28 U.S.C. §§ 1631, 2244(b).

Based on the foregoing, the Court enters the following:

## ORDER

Petitioner's motion to proceed in forma pauperis (doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED.

2. A certificate of appealability should be DENIED.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Petitioner files objections,

he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Petitioner from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner is cautioned that he must immediately inform the Court of Appeals of any change in his mailing address</u>. Failure to do so may result in dismissal of his application for leave to file without notice to him.

DATED this 17th day of August, 2011.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge