**FILED**

AUG 31 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| KINGSLEY ARIEGWE | ) | CV 11-43-H-DWM-RKS |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, Warden | ) | |
| Montana State Prison | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Kingsley Ariegwe filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. It is his second federal petition arising out of the same state proceedings. In this petition, as in the previous, Ariegwe claims the Montana state court violated his right to a speedy trial. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued his Findings and Recommendation on August 17, 2011. Judge Strong recommended that Ariegwe's petition be dismissed and a certificate of appealability be denied.

1

Ariegwe timely objected to the Findings and Recommendation on August 24, 2011. He is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Ariegwe's objections, the Court agrees with Judge Strong's analysis and conclusions. Since the parties are familiar with the factual and procedural background, they are restated here only as necessary to explain the order.

I

Ariegwe's recent petition, like his previous one, arises out of his state court convictions of unlawful transactions with children and attempted sexual intercourse without consent. See Montana v. Ariegwe, 167 P.3d 815, 825 (Mont. 2007). Prior to trial, Ariegwe moved to dismiss the information on the ground that the State had violated his right to a speedy trial. Id. The district court denied the motion. Id. at 825–826.

After trial, Ariegwe appealed his speedy-trial claim (among others) to the Montana Supreme Court. The Supreme Court, though, affirmed the district court's denial of his motion to dismiss. Id. at 864.

Ariegwe filed his first petition for writ of habeas corpus with this Court on October 20, 2008. Petition (dkt # 4), Ariegwe v. Montana, 4:08-CV-79-SEH-RKS (D. Mont. Sept. 30 2008). Ariegwe raised several grounds for relief, each challenging the Montana Supreme Court's determination that the State did not violate his right to a speedy trial. On April 21, 2009, this Court denied the petition on the merits and denied a certificate of appealability. Order (dkt # 16).

In his current petition, Ariegwe again challenges the Montana Supreme Court's speedy-trial determination. Specifically, Ariegwe once again argues that the Supreme Court misapplied *City of Billings v. Bruce*, 965 P.2d 866 (Mont. 1998). See Petition (dkt # 1), Ariegwe v. Mahoney, 6:11-CV-43-DWM-RKS.

## II

Judge Strong recommended denying Ariegwe's petition on August 17, 2011. Before reaching the speedy-trial claims, Judge Strong first granted Ariegwe's motion to proceed in forma pauperis. Order 1. He then observed that Ariegwe filed his petition in the wrong division but nonetheless addressed it.

As to the speedy-trial claims, Judge Strong found that Ariegwe's current petition raises the same issues presented in his first petition and could only be construed as a second or successive petition. Order 3 (dkt # 5). As a result, he recommended that Ariegwe's petition be dismissed because the Court is without

jurisdiction to consider a second or successive challenge to a conviction. Id. (citing 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam)).

III

Ariegwe timely filed his objections on August 24, 2011. (Dkt # 6). He argues that his current petition is not a second or successive petition because it is based on newly discovered evidence. Objections 2–3 (dkt # 6). In support of his argument, Ariegwe cites to 28 U.S.C. § 2254(e)(1) and Fed. R. Civ. P. 60(b). Neither of those provisions, though, addresses the specific conditions under which a district court has jurisdiction to hear a second or successive petition for writ of habeas corpus. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

"Generally, a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (quoting Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001)). While newly discovered evidence may be grounds for a second or successive petition, the petitioner may not file that petition without first obtaining authorization from the appropriate court of appeals. United States v. Lopez, 534 F.3d 1027, 1033 (9th Cir. 2008) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).

Here, Ariegwe's petition is a second or successive petition. He raises the same claims now that he raised in his previous petition almost three years earlier.

The Court need not address the question of whether Ariegwe's second petition is based on new evidence, which might justify a second or successive petition. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Since Ariegwe has not moved the United States Court of Appeals for the Ninth Circuit to authorize his second or successive petition, Judge Strong correctly concluded that the Court is without jurisdiction to entertain Ariegwe's petition. See 28 U.S.C. § 2244(b).

Ariegwe also objects to Judge Strong's finding that Ariegwe filed his petition in the wrong division. While Judge Strong found that Ariegwe had filed his petition in the wrong division, Judge Strong nevertheless addressed it. Ariegwe does not argue that his petition should have been transferred to a different division. Instead, he merely seeks to clarify that he correctly filed his petition.

Judge Strong correctly found that Ariegwe filed his petition in the wrong division. Local Rule 1.11(2)(B)(i) provides that "[h]abeas cases are venued . . . in the Division containing the county where judgment was entered." Here, since Ariegwe's judgment was entered in Cascade County, the appropriate division is the Great Falls Division—not the Helena Division, where Ariegwe filed his

petition. L.R. 1.9(c). Neither Ariegwe nor the Government argues that this matter should be transferred. Thus, any objection to venue is waived. See Fed. R. Civ. P. 12(h)(1).

The Court agrees with and adopts Judge Strong's finding that a certificate of appealability is not warranted. The Court also finds no clear error with the portions of the Findings and Recommendation to which Ariegwe did not object and therefore adopts it in full.

## IV

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt # 5) are adopted in full;

IT IS FURTHER ORDERED that Ariegwe's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 31st day of August, 2011.

Donald W. Molloy, District Judge
United States District Court